IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-327-RJC-DCK

| | |
|---|---|
| ALLEN D. RAY, JR., )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>FINANCIAL INDUSTRY REGULATORY )<br>AUTHORITY, INC., )<br>)<br>**Defendant.** )<br>) | **MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on the "Financial Industry Regulatory Authority, Inc.'s Motion To Dismiss Plaintiff's Complaint" (Document No. 3) and "Plaintiff's Motion To Remand To State Court And Request For Attorney Fees" (Document No. 4). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be granted and that the motion to remand be denied.

**I. BACKGROUND**

Allen D. Ray, Jr. ("Plaintiff" or "Ray") initiated this action with the filing of his "Complaint For Equitable And Injunctive Relief" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina on May 5, 2020. The Complaint notes that Plaintiff "worked in the securities industry as a registered representative for fifteen years." (Document No. 1-1, p. 6). After facing potential censure from the National Association of Securities Dealers ("NASD"), Mr. Ray "agreed to resign from the NASD/FINRA regulated securities industry forever" and "signed a Letter of Acceptance, Waiver, and Consent (the "AWC") on March 6, 2003." Id. "NASD

published the AWC on Mr. Ray's Central Registration Depository ("CRD") and BrokerCheck records ("the Disclosure")." Id.

The Financial Industry Regulatory Authority ("Defendant" or "FINRA") is the successor to NASD. (Document No. 1-1, p. 7). Plaintiff complains that Defendant "FINRA continues to publish the Disclosure on Mr. Ray's CRD and BrokerCheck records" and that this continuing display of the "Disclosure is harming Mr. Ray's ability to conduct business in non-FINRA regulated industries, as well as his personal reputation." Id.

Plaintiff Ray's only claim is for injunctive relief. (Document No. 1-1, p. 13). Specifically, he seeks to "permanently enjoin Defendant from continuing to publish any and all references to the AWC Disclosure executed March 3, 2003 on Mr. Ray's publicly available BrokerCheck record and CRD record." Id.

On June 10, 2020, Defendant filed its "Notice Of Removal Of A Civil Action To The United States District Court" (Document No. 1). Defendant notes that "publication of a final disciplinary action imposed against [Plaintiff] by FINRA [is] pursuant to its regulatory authority provided by the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.§ 78a *et seq.* (Document No. 1, p. 2). Defendant contends that removal is appropriate "because this is a civil action over which this Court has federal question jurisdiction." (Document No. 1, p. 3) (citing 28 U.S.C. §§ 1141 and 1331; and 15 U.S.C. § 7aa).

The "Financial Industry Regulatory Authority, Inc.'s Motion To Dismiss Plaintiff's Complaint" (Document No. 3) was filed on June 17, 2020. Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and asserts that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff has no private right of action against FINRA for performing its mandated regulatory obligations; and (3) FINRA is immune from lawsuits unless it acted in bad faith.

(Document No. 3). "Mr. Ray's Response Brief In Opposition To Defendant's Motion To Dismiss Complaint" (Document No. 6) was filed on July 31, 2020, about thirty (30) days after it was due. See LCvR 7.1(e). Defendant's "… Reply In Support …" (Document No. 7) was timely filed on August 7, 2020.

Also pending is "Plaintiff's Motion To Remand To State Court And Request For Attorney Fees" (Document No. 4) filed on July 10, 2020. Defendant's "… Opposition to Plaintiff's Motion For Remand" (Document No. 5) was filed on July 24, 2020. Plaintiff failed to file a reply brief in support of his motion to remand, or a notice of intent not to reply. See LCvR 7.1(e).

Defendant has subsequently filed three (3) Notices of Supplemental Authority (Document Nos. 8, 9, and 11). Plaintiff filed a response to the Second Notice. See (Document No. 10).

The pending motions are now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

3

When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

4

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant describes this as "a case about a former securities broker asking this Court to go beyond its jurisdiction, rewrite a consent agreement, exempt him from federal law, and force FINRA to violate its own rules." (Document No. 3-1, p. 1). Defendant contends that it is being sued for making Plaintiff's "disciplinary action available to the public – which FINRA is expressly required to do by the Securities Exchange Act of 1934 and which Mr. Ray knowingly agreed to when he signed a Letter of Acceptance, Waiver, and Consent, (the "AWC")." Id. (citing 15 U.S.C. § 78a, *et seq.* (the "Exchange Act"). See also (Document No. 3-2, (the "AWC")). Defendant further states:

> The maintenance and publication of these records is mandated by the Exchange Act. See 15 U.S.C. §78o-3(i)(1). This Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) because the Exchange Act provides the exclusive judicial remedy for complaints arising from FINRA disciplinary proceedings. *See* 15 U.S.C. §78s and §78y. Mr. Ray voluntarily signed the AWC and expressly agreed he was waiving all options for contesting his disciplinary action. Having chosen to sign the AWC in 2003, Mr. Ray waived his right to pursue further administrative remedy and is foreclosed from seeking review by this Court or any other.
>
> Not only does FINRA enjoy absolute regulatory immunity from Mr. Ray's claims, but there simply is no private right of action against FINRA for its regulatory activities. Mr. Ray has provided

5

> this Court with no basis upon which it could exempt him from the securities laws and FINRA rules, approved by the Securities Exchange Commission ("SEC"), which require FINRA to continue to maintain and publish his final disciplinary record.

(Document No. 3-1, pp. 2-3).

Defendant FINRA first argues that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. (Document No. 3-1, pp. 8-10). Defendant notes that the Fourth Circuit has recently "determined that Congress provided a comprehensive review scheme for FINRA decisions:"

> Congress, through the Exchange Act, intended to channel objections to FINRA's authority through the agency and the courts of appeals. In so doing, it is clear Congress sought to preclude federal district-court jurisdiction." *Scottsdale Capital Advisors Corp. v. Fin. Indus. Regulatory Auth., Inc*., 844 F.3d 414, 424 (4th Cir. 2016). The Exchange Act "creates a comprehensive procedure to safeguard due process in disciplinary hearings, and for administrative and judicial review of [FINRA] disciplinary actions." *Swirsky v. NASD*, 124 F.3d 59, 62 (1st Cir. 1997). Specifically, under the Exchange Act, aggrieved persons must exhaust their administrative remedies at the SEC, and then, if dissatisfied, seek review before a United States Court of Appeals.

(Document No. 3-1, p. 9) (citing 15 U.S.C. § 78s and § 78y).

Defendant argues that failure to exhaust the Exchange Act's review procedures deprives the district court of subject matter jurisdiction over Plaintiff's claims. Id. (citing First Jersey Securities, Inc. v. Bergen, 605 F.2d 690, 700 (3rd Cir. 1979); Epstein v. FINRA, 2009 WL 971419, at *3 (D.N.J. Apr. 9, 2009); Scottsdale Capital Advisors Corp. v. Fin. Indus. Regulatory Auth., Inc., 844 F.3d 314, 424 (4th Cir. 2016)).

In conclusion, Defendant argues that "[a]llowing an individual to use state or federal courts to circumvent the administrative process of securities regulation would result in an inconsistent patchwork of individualized securities regulation." (Document No. 3-1, p. 10). Defendant

contends that Congress intended to avoid such situations by setting up FINRA's procedural rules. Id.

In response, Plaintiff first asserts that the argument that he failed to exhaust his administrative remedies before the SEC "defies common sense and is inconsistent with the law." (Document No. 6, p. 5). Plaintiff argues that his claim is "wholly equitable" and "based on the Court's inherent power to devise equitable remedies." Id. (citing Document No. 1-1, ¶ 46; Brown v. Plata, 563 U.S. 493, 538 (2011)).

Next, Plaintiff acknowledges that "it is generally true that an aggrieved party must exhaust its administrative remedies before seeking judicial review," but he then suggests that there may be an applicable exception here. (Document No. 6, p. 5). Plaintiff argues that the Exchange Act provisions, and other authority cited by Defendant, involve review of final disciplinary sanctions imposed by FINRA, not review of "a plaintiff seeking equitable relief" from FINRA. (Document No. 6, p. 7). Because he is asking "for equitable relief in determining whether the benefit to the public in continued publication of information about Mr. Ray is outweighed by the harm it is causing," Plaintiff concludes that "the 'exhaustion of administrative remedies' doctrine does not apply to this case." (Document No. 6, p. 8).

Plaintiff then goes on to contend that even if the exhaustion of administrative remedies doctrine applies to this action, there is a valid exception because he would be irreparably injured by the administrative review process based on an indefinite time frame. Id. In addition, Plaintiff contends there should be an exception here because the administrative body is biased – neither Defendant nor the SEC can impartially review their own contract. (Document No. 6, p. 9).

Defendant's reply brief counters that "Congress and the SEC created an exclusive review scheme for challenging FINRA disciplinary decisions, and it has been upheld by every court that

7

has considered it." (Document No. 7, p. 5) (citations omitted). Moreover, Plaintiff knowingly and intentionally waived his rights to administrative remedies and "agreed he would not take action to dispute" the findings of the AWC he executed. (Document No. 7, p. 6) (citing Document No. 3-2). Defendant notes that "Mr. Ray waived his right to challenge his ban and its publication," but even if he had not, he would still be required to exhaust his remedies elsewhere. Id.

The undersigned finds Defendant's arguments most persuasive. It does not appear that this Court has subject matter jurisdiction to expunge, or otherwise review, the parties' AWC agreement (Document No. 3-2). See (Buscetto v. Fin. Indus. Regulatory Auth., 2012 WL 1623874 (D.N.J. May 9, 2012) (dismissing plaintiff who "failed to establish legal claim for expunging or vacating his disciplinary record" and holding that "FINRA is required to continue to maintain and make public information Plaintiff now seeks to have expunged."); see also Scottsdale Capital Advisors Corp. v. Fin. Indus. Regulatory Auth., Inc., 844 F.3d 414, 424 (4th Cir. 2016) ("the district court properly dismissed for lack of subject-matter jurisdiction") and Scottsdale Capital Advisors Corp. v. Fin. Indus. Regulatory Auth., 811 Fed. Appx. 667 (D.C. Cir. 2020) (the Securities Exchange "Act does not provide federal district courts with any role in adjudicating disputes between FINRA and its members").

Since the undersigned is persuaded that this Court lacks jurisdiction, the undersigned will respectfully decline to fully address all of the parties' arguments. In short, the weight of legal authority identified by Defendant appears to overwhelmingly favor its position. See (Document No. 3-1, pp. 9-10; Document No. 7, pp. 5-6). Plaintiff has not identified any cases directly on point that support this Court's jurisdiction. See (Document No. 6, pp. 4-9).

As noted above, Defendant has subsequently filed three (3) Notices of Supplemental Authority that identify additional recent cases supporting its position. See (Document Nos. 8, 9,

8

Case 3:20-cv-00327-RJC-DCK   Document 12   Filed 06/25/21   Page 8 of 11

and 11) (citing Blackbook Capital Inc. v. Fin. Indus. Regulatory Auth., Inc., 2020 WL 4581811 (D.N.J. Aug. 10, 2020); Jeffrey Allen Mohlman. v. Fin. Indus. Regulatory Auth., Inc., et al., 2020 WL 905269 (S.D.Ohio Feb. 25, 2020), aff'd Mohlman v. Fin. Indus. Regulatory Auth., 977 F.3d 556 (6th Cir. Oct. 14, 2020); and Cashmore v. Fin. Indus. Regulatory Auth., Inc., 2020 WL 6566302 (W.D.N.Y. Nov. 9, 2020)). Blackbook, Mohlman, and Cashmore all involve plaintiffs who had signed AWCs, and in each case the district court granted FINRA's motion to dismiss due to a lack of subject matter jurisdiction and/or FINRA's immunity.

These decisions are instructive and are worth quoting here:

> Plaintiff asks this Court to set aside his final regulatory settlement. When Plaintiff executed the AWC, he waived his rights to exercise these administrative remedies, or to take any action to dispute its findings or "create the impression that [it] is without factual basis." AWC, p. 4. Plaintiff's waiver of his administrative remedies by executing the AWC does not eliminate the existence of the administrative remedies, nor does it create subject matter jurisdiction for him to challenge the AWC in this Court. Congress foreclosed this approach when it enacted the Exchange Act, with its system of appeal of FINRA decisions to the SEC, and exclusive review by the United States Courts of Appeals. 15 U.S.C. § 78y.

Mohlman v. Fin. Indus. Regulatory Auth., Inc., 2020 WL 905269, at *3.

> The Court lacks jurisdiction to entertain Plaintiffs' claims as they relate to the AWC and FINRA's purported discriminatory enforcement of rules, which ultimately led to the disciplinary proceeding and AWC. If Plaintiffs wanted to challenge FINRA's application of its regulatory rules, the proper channel would have been to use the comprehensive administrative review process set forth in the Securities Exchange Act of 1934. *See Mohlman v. Fin. Indus. Regulatory Auth., Inc.*, No. 19-154, 2020 WL 905269, at *5 (S.D. Ohio Feb. 25, 2020) (explaining that plaintiff that voluntarily entered into an AWC "cannot not ask this Court to reconsider the decision he made ... several years ago)".
>
> . . . As a result, the Court follows the weight of persuasive authority and concludes that FINRA is entitled to absolute immunity for its regulatory conduct and that there is no private right of action to assert claims related to FINRA's regulatory conduct.

Blackbook Capital, 2020 WL 4581811, at *4.

> Plaintiff Cashmore here waived SEC and judicial review of his discipline by signing the AWC.  Without this agreement, Plaintiff faced administrative proceedings before FINRA where, if Plaintiff lost, he had appeal rights to the SEC and judicial review of the Commission's decision to the United States Court of Appeals. Plaintiff's execution of the AWC waived both sources of review.
> . . . This Court is not the proper forum, and six years after entering the AWC is not the proper time, to undo the effects of Plaintiff's decision to sign the AWC

Cashmore v. Fin. Indus. Regulatory Auth., 2020 WL 6566302, at *6.

Based on the significant legal authority relied upon by Defendant, and Defendant's persuasive arguments, the undersigned is compelled to recommend that this matter, like those cited above, be dismissed.  Since dismissal is appropriate, the undersigned will recommend that Plaintiff's motion to remand be denied.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Financial Industry Regulatory Authority, Inc.'s Motion To Dismiss Plaintiff's Complaint" (Document No. 3) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion To Remand To State Court And Request For Attorney Fees" (Document No. 4) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and

Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: June 25, 2021

David C. Keesler
United States Magistrate Judge